```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
        Plaintiff             :
                              :
                              :
        v.                    : CRIMINAL NO. 1:CR-03-99
                              : CIVIL NO.    1:CV-07-0095
                              :
FRANKLIN D. SMITH,            :
        Defendant             :
```

M E M O R A N D U M

Defendant Franklin D. Smith has filed a "Motion to Grant Waiver of 2255 Statute of Limitation" (doc. 53) in response to our Order (doc. 52) requiring him to show cause why his motion, filed pursuant to 28 U.S.C. § 2255, should not be dismissed. We raised the one-year limitation sua sponte after the Government had responded to Smith's § 2255 motion, giving Smith twenty days and the Government fifteen days to brief the issue. The Government did not file a response. We will dismiss Smith's § 2255 motion for failing to comply with the one-year limitation.

In our prior Memorandum and Order, we detailed Smith's post-conviction filings. *See* doc. 52, pp. 1-3. We concluded that the one-year period for filing the § 2255 motion began, at the latest, on June 8, 2004. *Id.* at 4. This date was ninety days from the withdrawal of Smith's direct appeal and it marked the expiration of his window to file a petition for writ of

certiorari with the United States Supreme Court. *See United States v. Davies*, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (setting forth guidelines for establishing the finality of a conviction). Pursuant to § 2255, Smith had until June 8, 2005, to file his motion. He signed the motion on January 11, 2007, and it was filed on January 18, 2007.[1] *See* docs. 46, 47. Therefore, Smith's § 2255 motion failed to comply with the one-year period of limitation.

Smith does not contest our calculation regarding the timeliness of his § 2255 motion. Instead, he seeks "waiver" of the one-year period of limitation in § 2255. First, Smith claims that this Court and the United States Court of Appeals for the Third Circuit advised him, in response to other post-conviction motions, to file a § 2255 motion even though such a motion would be untimely. As a result, Smith claims he was following the advice of the courts in filing the § 2255 motion. Second, Smith contends that he did not have an attorney to advise him of the need to file a § 2255 motion or the one-year

---

[1] We note that our previous Memorandum and Order used January 18, 2007, as the relevant date of filing. Smith, however, signed the § 2255 motion on January 11, 2007. It is unclear when the motion was placed in the prison mail system. For pro se motions, the motion is filed when the prisoner places it into the prison mail system, regardless of when it is received by the clerk of court. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Here, because we cannot discern the date of mailing, we will assume that Smith mailed the motion the same date that he signed it, January 11, 2007.

2

limitation to do so.  Third, Smith argues that he had difficulty learning the applicable law, particularly as an alien with no knowledge of the justice system, and that the prison placed limitations on the use of legal materials.

The one-year period of limitation for filing a § 2255 motion is not jurisdictional and may be subject to equitable tolling.  *See Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998).[2]

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Generally, this will occur when the petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights."  The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

*Id.* at 618-19 (citations omitted).  Three circumstances permitting equitable tolling include: (1) a defendant actively misleading the plaintiff; (2) an extraordinary circumstance preventing the plaintiff from asserting his rights; and (3) the plaintiff's timely but mistaken assertion of his rights in the incorrect forum.  *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.

---

[2] In *Miller*, the Third Circuit construed the limitations provision found in 28 U.S.C. § 2244, applicable to persons in custody pursuant to the judgment of a state court; however, the holding also applies to § 2255 cases.  *Miller*, 145 F.3d at 619 n.1.

3

2001) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

Smith's claims do not warrant equitable tolling of the period of limitation.  First, we reject Smith's contention that we should accept his § 2255 motion because he was following the advice of this Court and the Third Circuit.  A review of our Orders responding to Smith's post-conviction motions contradicts this claim.  In those Orders, we did not comment on the timeliness of a potential § 2255 motion; rather, we indicated that a § 2255 motion was the proper vehicle for Smith's claims.  *See* docs. 35, 37.

Smith's prior decision to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 reveals that he was aware of the effect of § 2255's one-year limitation.  In the § 2241 petition, Smith argued that § 2255 was "inadequate or ineffective" to test the legality of his conviction because a § 2255 motion would be barred by the limitation.  *Smith v. United States*, 161 Fed. Appx. 210 (3d Cir. 2006).  The Third Circuit rejected this argument, observing that "[t]he remedy afforded under § 2255 is not 'inadequate of ineffective' merely because the one-year limitations period has expired or the petitioner is unable to meet its stringent gate-keeping requirements."  *Id.* at 212.  This observation informed Smith that his claims could only be presented through a § 2255

4

motion. By noting the necessary procedure, however, it does not follow that we should equitably toll § 2255's limitation or that we had a duty to evaluate the timeliness of a potential § 2255 motion when considering Smith's other post-conviction motions.[3]

Smith also does not present the three enumerated circumstances which might warrant equitable tolling of the limitation. Smith does not contend that the United States misled him, that there were extraordinary circumstances precluding him from asserting his rights,[4] or that he asserted

---

[3] *Cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). In *Pliler*, the Supreme Court held that district courts need not warn a party that dismissal of a "mixed" habeas motion with exhausted and unexhausted claims may result in an untimely motion upon refiling. *Id*. According to the Court: "Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks properly performed by trained counsel as a matter of course. Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers." *Id*.

[4] Smith's reference *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003) is not relevant to our analysis. In *Baldayaque*, the Second Circuit focused on whether an attorney's conduct might constitute "extraordinary circumstances" to justify the application of equitable tolling. *Id.* at 152-53. In remanding the case, the Second Circuit held that an attorney's behavior "may be so outrageous or so incompetent as to render it extraordinary" for equitable tolling provided the prisoner could show that he acted with reasonable diligence and that the extraordinary circumstances affected the timeliness of the petition. *Id.* at 153. Here, Smith does not contend that an attorney's incompetence affected the filing of his motion. Instead, he claims that the court required his claims to be presented in a § 2255 motion even though it knew such a motion

his rights in the incorrect forum.  Finally, there is no evidence that Smith exercised reasonable diligence in attempting to bring his claims as he did not file his first post-conviction motion until January 20, 2006, approximately six months after the time for filing a § 2255 motion expired.

Smith's other arguments in support of equitable tolling also fail.  Lack of counsel to provide legal advice regarding habeas procedure is insufficient to toll the one-year limitation.  *See Henderson v. Johnson*, 1 F. Supp.2d 650, 656 (N.D. Tex. 1998).  Smith's claim that he was not allowed to work on his case all day due to the prison's employment policy is also insufficient for equitable tolling.  *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002) (concluding that complete deprivation of legal papers for a few weeks was insufficient for equitable tolling).  Finally, Smith's difficulty learning the law, his lack of familiarity with the criminal justice system, and his problems obtaining legal reference books will not result in equitable tolling.  *See Harrison v. Galaza*, No. C 98-3371, 1999 WL 58594, at *3 (N.D. Cal. Feb. 4, 1999) (lack of knowledge of law insufficient for equitable tolling); *Saldana v. Artuz*, No. 99-Civ-5089, 2000 WL

---

would be untimely.

1346855, at *2 (S.D.N.Y. Sept. 19, 2000) (problems accessing prison library books insufficient for equitable tolling).

  Absent equitable tolling, Smith's § 2255 motion is barred by the one-year period of limitation.  Accordingly, we will issue an order denying his § 2255 motion.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Smith is advised that he has the right for sixty (60) days to appeal our order, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: April 24, 2007

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
        Plaintiff              :
                               :
                               :
        v.                     :   CRIMINAL NO. 1:CR-03-99
                               :   CIVIL NO.    1:CV-07-0095
                               :
FRANKLIN D. SMITH,             :
        Defendant              :
```

O R D E R

AND NOW, this 24th day of April, 2007, upon consideration of Defendant's motion pursuant to 28 U.S.C. § 2255 (doc. 46), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion is denied;

    2. A certificate of appealability is denied;

    3. The Clerk of Court shall close this file.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge